# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER SANDBERG and MICHAEL FIGUEROA, individually and on behalf of others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>INTERNAL CREDIT SYSTEMS, INC. and THEODORE LACHMAN,<br><br>Defendants | Civil Action No. |

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiffs brings suit on behalf of themselves and other Massachusetts residents who were subjected to unlawful consumer debt collection activities by Defendants.

## PARTIES

1. Plaintiff Alex Sandberg is an individual who resides in Worcester, Worcester County, Massachusetts.

2. Plaintiff Michael Figueroa is an individual who resides in Worcester, Worcester County, Massachusetts.

3. Defendant Internal Credit Systems, Inc. ("ICS") is a collection agency having a principal place of business in Durham, North Carolina.

4. Defendant Theodore Lachman ("Lachman") is an individual who, on information and belief, has been the president and chief operating officer of ICS at all times relevant to this complaint.

1

## JURISDICTION AND VENUE

5. Certain of Plaintiffs' claims arise under 15 U.S.C. § 1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and adjudicate Plaintiffs' claims arising under state law.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the acts giving rise to this action occurred within the Commonwealth of Massachusetts..

## STATEMENT OF FACTS

7. During the time period encompassed by this complaint, Defendants regularly collected or attempted to collect, directly or indirectly, debts owed or due or asserted to be owed or due another by Massachusetts residents that had been incurred primarily for personal, family, or household purposes, known as "consumer" debts.

8. During the time period encompassed by this complaint, Defendants engaged in a business in Massachusetts the principal purpose of which was consumer debt collection.

9. During the time period encompassed by this complaint, Defendants used at least one instrumentality of interstate commerce or the mails in their business.

10. At all relevant times Defendants were each a "debt collector" within the meaning of the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692a.

11. At all relevant times Defendants were each a "debt collector" within the meaning of the Massachusetts Debt Collection Practices Act, M.G.L. c. 93, § 24 ("MDCPA").

12. At all relevant times the MDCPA required that persons and entities meeting one or both of the MDCPA's definitions of "debt collector" be licensed by the Division of Banks.

13. The MDCPA provides important protections for Massachusetts consumers. Before it may lawfully operate as a debt collector, an applicant and its officers and directors must demonstrate to the Commissioner's satisfaction that their "financial responsibility, character, reputation, integrity and general fitness . . . are such as to command the confidence of the public and to warrant the belief that the business . . . will be operated lawfully, honestly and fairly." M.G. L. c. 93, § 24B(a).  Thus, for example, the Commissioner may deny a license if the applicant does not have a positive net worth; has violated any state or federal law governing debt collection practices; has defaulted on a debt; has committed any dishonest or deceptive act bearing on the applicant's fitness to function as a debt collector; or has an adverse credit history. 209 CMR 18.04(2)(a); 209 CMR 18.04(2)(a)– (f).  Indeed, Defendants may very well have been denied a Massachusetts debt collection license (or would have difficulty obtaining a license), as they have been sued by consumers on multiple occasions for violating their rights, and ICS has been sued by at least one of its creditor clients for violating the rights of consumer debtors. Licenses are issued for one-year terms, and a licensee must disclose such books and records as to enable the Commissioner to determine whether it is complying with the requirements of chapter 93 and all laws and regulations covering debt collection practices in Massachusetts.  M.G. L. c. 93, § 24D.

14. A failure to comply with the Massachusetts licensing requirement constitutes a *per se* violation of M. G. L. c. 93A, § 2.  Such failure also constitutes a criminal offense.  G. L. c. 93, § 28.

15. At no time relevant to this complaint was either Defendant licensed as a debt collector in Massachusetts, as was required.

16. Mr. Sandberg received and read a dunning letter from ICS dated January 20, 2021. The letter stated that Mr. Sandberg owed a debt of $267.80 to "Anytime Fitness" and requested payment of said amount.

17. The dunning letter was an intrusion on Mr. Sandberg's peace of mind. It caused him to become distressed and concerned and to spend time and effort determining how or whether to respond. Ms. Sandberg then consulted with counsel regarding his rights.

18. Mr. Figueroa received and read a dunning letter from ICS dated October 30, 2020. The letter stated that Mr. Figueroa owed a debt of $659.00 to "Anytime Fitness" and requested payment of said amount.

19. The dunning letter was an intrusion on Mr. Figueroa's peace of mind. It caused him to become distressed and concerned and to spend time and effort determining how or whether to respond. Ms. Sandberg then consulted with counsel regarding his rights.

20. Lachman formulated, directed, controlled, and/or participated in the collection activities of ICS and its employees which occurred during the time period relevant to this complaint. In addition, Lachman ratified said collection activities.

21. During the time period relevant to this complaint, Lachman had responsibility for managing and overseeing ICS's compliance with federal and state debt collection laws and regulations.

22. Lachman directed ICS to engage in the collection and attempted collection of consumer debts in Massachusetts despite not being licensed to do so. In addition, or alternatively, Lachman ratified said unlawful conduct.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of themselves and classes of persons similarly situated. The "Chapter 93A Class" consists of all persons who, when they resided in Massachusetts and on or after

the date that was four (4) years prior to the filing of this action, were subjected to any unlicensed collection activity by ICS concerning a consumer debt, which activity included but was not necessarily limited to sending of dunning letters, leaving phone messages, engaging in phone conversations, sending emails, and reporting alleged debts to credit bureaus. The "FDCPA Class" consists of all members of the "Chapter 93A Class" who were subjected to any unlicensed collection activity concerning a consumer debt on or after the date that was one (1) year prior to the filing of this action. Excluded from the classes are current and former officers, directors, and employees of Defendants and persons who released one or both Defendants for the claims set forth herein.

24. On information and belief, there are hundreds of members in each class. Therefore, each class is sufficiently numerous such that joinder would be impracticable.

25. There are issues of law and fact common to the classes, which common issues predominate over any issues particular to individual class members. The principal common issues are whether Defendants were engaged in trade or commerce in Massachusetts within the scope of M.G.L. c. 93A; § 1; whether Defendants are debt collectors under the MDCPA and the FDCPA; whether Defendants were required to be licensed as debt collectors by the Division ; whether Defendants were licensed as debt collectors by the Division; whether Defendants violated the rights of Plaintiffs and class members as alleged; and whether Defendants' violations of M.G.L. c. 93A were willful or knowing in nature.

26. Plaintiffs' claims are typical of the claims of class members.  Plaintiffs and all class members were all injured by being subjected to consumer debt collection activity that was unlawful because ICS was unlicensed. All claims are based on the same legal theories, and all claims arise from the same unlawful conduct.

27. Plaintiffs will fairly and adequately protect the interests of all class members. Plaintiffs are committed to a vigorous and successful prosecution of this action, are familiar with the legal and factual issues involved, and have retained counsel experienced in the litigation of consumer rights cases, including cases involving unfair and/or deceptive debt collection practices. Neither Plaintiffs nor counsel have any interest or conflict that might cause them to not vigorously pursue this action.

28. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since: (a) the economic harm suffered by many individual class members is either non-existent or not substantial, therefore, the expense and burden of individual litigation would be economically unfeasible; and (b) the prosecution of separate lawsuits by individual class members would entail the risk of inconsistent and conflicting adjudications that could establish conflicting standards of conduct for Defendants; and (c) there will be no unusual or extraordinary management difficulties in administering this case as a class action.

## COUNT I

### (Violations of M.G.L. c. 93A)

29. The allegations of all preceding paragraphs are incorporated herein as if fully set forth.

30. At relevant times, Defendants were engaged in trade or commerce in Massachusetts within the scope of M.G.L. c. 93A, § 1.

31. Defendants violated M.G.L. c. 93, § 24A by engaging in the business of consumer debt collection in Massachusetts without being licensed to do so by the Division of Banks.

32. Pursuant to G.L. c. 93, § 28, a violation of § 24 "shall constitute an unfair or deceptive act or practice" under M.G.L. c. 93A, § 2.

33. Defendants' violations were willful and/or knowing in nature.

34. Plaintiffs and all class members suffered harm by being subjected to unlawful collection

activities, which constituted intrusions on their peace of mind and caused them to spend time reviewing same and determining how to respond. In addition, some members suffered additional harm by expending time and money to confer with counsel (as did Plaintiffs), and still other members suffered financial harm by paying money to ICS or to creditors due to the unlawful collection activities.

35. A pre-suit demand letter to ICS under M.G.L. c. 93, § 9, was not required, as ICS does not maintain an office or keep assets in the Commonwealth. Nonetheless, on June 14, 2021, Plaintiffs – through counsel – sent such a demand to ICS, which demand reasonably described the acts and practices complained of and the injuries suffered.

36. ICS received Plaintiffs' demand but did not make a reasonable written tender of settlement within thirty days of receipt.

37. The refusal of ICS to make a reasonable and timely written tender of settlement was in bad faith with knowledge or reason to know that its conduct violated M.G.L. c. 93A, § 2.

38. A pre-suit demand letter to Lachman was not required, as Lachman does not maintain an office or keep assets in the Commonwealth of Massachusetts.

WHEREFORE, Plaintiffs pray that this Honorable Court enter judgment against Defendants, jointly and severally:

(a) Awarding them and each class member actual damages equal to monies paid to attorneys and/or ICS and/or creditors due to Defendants' unlawful collection activities, or awarding statutory damages of $25.00, whichever is greater;
(b) Doubling or trebling all actual damages awarded;
(c) Awarding interest on all damages awarded;
(d) Awarding costs and reasonable attorney's fees;
(e) Awarding such further relief as shall be just and proper;

## COUNT II

### (Violations of the Fair Debt Collection Practices Act)

39. The allegations of all preceding paragraphs are incorporated herein as if fully set forth.

40. Defendants' unlicensed debt collection activities in Massachusetts violated the following provisions of the FDCPA:

    (a) section 1692e(5), by taking and threatening to take actions that could not legally be taken;

    (b) section 1692e(10), by using deceptive means to collect or attempt to collect debts;

    (c) section 1692d(1), by engaging in conduct involving the threat and use of criminal means to harm the property of Plaintiff and class members;

    (d) section 1692d, by engaging in conduct the natural consequence of which was to oppress and abuse Plaintiff and class members.

41. Plaintiffs suffered harm due to said unlawful collection activities, as described above.

    WHEREFORE, Plaintiffs pray that this Honorable Court enter judgment against Defendants, jointly and severally:

    (a) Awarding them and each class member actual damages equal to amounts paid to attorneys and/or ICS and/or to or creditors due to the unlawful collection activities;
    (b) Awarding them and class members statutory damages;
    (c) Awarding interest on all damages awarded;
    (d) Awarding costs and reasonable attorney's fees;
    (e) Awarding such further relief as shall be just and proper.


**PLAINTIFFS REQUEST JURY TRIAL.**

**ALEXANDER SANDBERG**
**MICHAEL FIGUEROA**, Plaintiffs
By their attorneys:

*/s/Kenneth D. Quat*
BBO#408640
QUAT LAW OFFICES
373 Winch Street
Framingham MA 01701
508-872-1261
ken@quatlaw.com

*/s/Christopher M. Brine*
BBO #
Brine Consumer Law
100 Grove Street, Suite 116
Worcester MA 01605
508-556-1899
cmb@brineconsumerlaw.com